**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs. ) | No.  3:94-CR-0277-G |
| ) | (No.  3:04-CV-1716-G) |
| **BERT LEE EZELL** ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the District Court, this case has been referred to the United States Magistrate Judge.  The findings, conclusions, and recommendation of the magistrate judge follow:

**FINDINGS AND CONCLUSIONS**

Bert Lee Ezell ("Movant") seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Movant is presently confined in the federal prison system.  Respondent is the United States of America.

**Statement of the Case**

On October 26, 1994, Bert Lee Ezell was charged in a three-count superseding indictment. Count one charged him with possession with intent to distribute marijuana and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) and § 2.  Count two charged him with using a firearm in relation to a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1) and § 2.  Count three charged him with being a felon in possession of a firearm, in

violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).[1] On December 20, 1994, Movant pled guilty to count two. On February 28, 1995, he failed to appear for sentencing. On July 11, 1995, Movant was charged in a one-count indictment for failing to appear at sentencing, in violation of 18 U.S.C. §§ 3146(a)(1) and (b)(1)(A)(ii). Movant was arrested on December 30, 2002.

The original plea agreement was voided, and on February 18, 2003, Movant pled guilty to count three of the 1994 indictment and to the sole count of the 1995 indictment of failure to appear. The offenses were grouped under United States Sentencing Guidelines ("USSG") §§ 2J1.6 and 3D1.2 for sentencing. On May 6, 2003, Movant was sentenced to 135 months imprisonment and a three-year term of supervised release. The Court assessed 135 months on the § 922(g) violation and a concurrent six-month term on the failure to appear conviction. Movant appealed, but on January 29, 2004, he voluntarily dismissed his appeal. Movant filed his habeas corpus motion on August 5, 2004. He supplemented his motion to raise two new United States Supreme Court decisions.

## Scope of Review

The scope of post-conviction relief pursuant to 28 U.S.C. § 2255 is limited. Issues raised and decided on appeal from a judgment of conviction are not considered in § 2255 motions. *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985). The statute affords judicial review only for constitutional errors and other issues that (1) could not have been raised on direct appeal and (2) will result in a miscarriage of justice if left unaddressed. *See United States v. Faubion,* 19 F.3d 226, 233 (5th Cir. 1994). Before a petitioner

---

[1] The government subsequently dropped the enhancement, making § 942(a)(2) the appropriate penalty statute (Appendix, p. 10.)

2

may raise an issue for the first time in a § 2255 proceeding, he must show "cause" for his procedural default in failing to raise the issue on appeal and "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 168 (1982); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). This high hurdle ensures that final judgments command respect and that their binding effect is not disturbed by an endless series of post-conviction collateral attacks. *Frady*, 456 U.S. at 168. A defendant may satisfy the cause and prejudice test by proving that counsel provided constitutionally ineffective assistance. *See United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995); *see also United States v. Patten*, 40 F.3d 774, 775 (5th Cir. 1994). Additionally, ineffective assistance of counsel may constitute an independent basis for post-conviction relief. *See United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *see also Shaid*, 937 F.2d at 232.

### Statement of the Claims

Movant alleges that counsel provided constitutionally ineffective assistance because he should have objected to (1) the trial court's application of enhancements under the sentencing guidelines based upon facts not found by a jury or admitted by Movant; and (2) the 135-month sentence he received for felon in possession because the statutory maximum sentence for that offense is only 120 months. Respondent contends that counsel did not provide ineffective assistance and that all of the enhancements to Movant's sentence were based on either prior convictions or facts that Movant admitted. Respondent contends alternatively that the claims are procedurally barred. The Court construes Movant's claims as constitutionally ineffective assistance of counsel claims. The claims could not have been raised on appeal. Consequently, they are not procedurally defaulted.

### Ineffective Assistance of Counsel

3

The Sixth Amendment to the United States Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. U.S. CONST., art. VI. To merit relief pursuant to § 2255 on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 691 (1984). In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance, or that, under the circumstances, the challenged action might be considered sound trial strategy. *Id*. at 689.

A petitioner's failure to establish either prong of the *Strickland* test requires the court to find that counsel's performance was not constitutionally ineffective; hence, courts are free to review ineffective assistance claims in any order and need not address both the "deficient" and "prejudice" prong if one component is found lacking. *Id*. at 697. The prejudice prong of the *Strickland* test requires a petitioner to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. at 694. In the context of a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

## **Analysis**

Movant claims counsel provided ineffective assistance because Movant's sentence is unconstitutional under the United States Supreme Court's decision in *Blakely v. Washington*, 542

U.S. 296, 304 (2004), made applicable to the United States Sentencing Guidelines in *United States v. Booker*, 543 U.S. 220, 243 (2005).  He further argues that even though *Blakely* was not decided at the time he was sentenced, he is entitled to the benefit of the *Blakely* decision because *Blakely*, for all intents and purposes, arose out of, and was based on, the Supreme Court's prior decision in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), a decision which pre-dated his sentencing and which his counsel should have realized was applicable to his sentencing.

In *Blakely*, the Supreme Court invalidated a sentencing scheme in effect in the State of Washington which allowed a judge to sentence a defendant to a punishment beyond a statutory range on the basis of judicially determined facts.  *Blakely*, 542 U.S. at 304.  In doing so, the Supreme Court applied the rule announced in *Apprendi* that: "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.  In *Blakely*, the United States Supreme Court did not decide whether the United States Sentencing Guidelines were valid.  However, in  *Booker*, 543 U.S. at 243, the Supreme Court extended its holding in *Blakely* to the Federal Sentencing Guidelines.  *Id*.  In keeping with its earlier decision in *Apprendi*, the Supreme Court held in *Booker* that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id*. at 244.

No relief is available to Movant on his *Blakley* or *Booker* claims because neither *Blakely* nor *Booker* apply retroactively to cases on initial collateral review.  *See United States v. Gentry*, 432 F.3d 600, 603 (5th Cir. 2005).  Movant's conviction became final before *Blakely* and *Booker* were

decided. Movant contends that counsel should have foreseen *Blakely* and *Booker* based upon *Apprendi*. Counsel is not expected to foresee future new developments in the law and was not deficient in his representation. The reasonableness of the challenged conduct is determined by viewing the circumstances at the time of that conduct. *Strickland*, 466 U.S. at 690-691. Counsel will not be judged ineffective only by hindsight. *Id*. Further, counsel was not deficient for failing to raise an *Apprendi* objection because the *Apprendi* factual situation was totally different from the circumstances of this case. Movant did not want a jury trial. Rather, he was pleading guilty because it was advantageous for him to do so. Moreover, all of Movant's enhancements were based upon either prior convictions or facts admitted in connection with the guilty plea.

Additionally, the Court notes that trial counsel raised at sentencing all of the objections that an objectively reasonable counsel would have raised. The trial court sustained the first objection to the number of firearms. The trial court overruled the second objection holding that the fact that Movant claimed he did not know that the firearm was stolen was not a valid objection. The trial court overruled Movant's third objection to the assignment of a four-level offense increase for the possession of firearms in connection with his possession of marijuana.

The District Court's calculation of the sentencing guidelines was completely accurate. Under USSG 2K2.1(a)(2), Movant's base offense level was in fact 24 (and not 14 as Movant suggests), based upon two prior convictions for controlled substance offenses. In addition, because of the number of firearms found in his home, four, Movant received an additional one-level increase under 2K2.1(b)(1)(A). One of those firearms was stolen, so Movant received a two-level increase under 2D2.1(b)(4). The fact that Movant did not know that the firearm was stolen does not affect the sentencing guidelines. Knowledge is not a prerequisite to an increase. There was no contest that

6

the firearm was, in fact, stolen. An additional four points were added under 2K2.1(b)(5) because marijuana was found in Movant's house and he admitted in his factual resumé that he possessed the marijuana with the intent to distribute it. Further, two additional points were added for obstruction of justice due to Movant's failure to appear. Movant waived any objection to this increase because he pled guilty to failure to appear. Additionally, Movant received a three-level deduction for acceptance of responsibility under § 3E1.1. Even if the Court applied *Blakely* to this particular case, Movant's sentence would have been within the maximum sentence allowed by law and, in fact, the guideline range would have been correct. Movant fails to specify any facts that were not either enhancements for prior convictions or admitted. The Court finds that none of the enhancements were applied contrary to the holdings in *Apprendi* or *Blakely*. Failure to raise meritless objections is not constitutionally ineffective assistance of counsel. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

In this particular case, Movant's sentence would have been in the range of 168 to 210 months. Counsel requested that the trial court depart downward, and the trial court granted counsel's request. The trial court departed downward and found that the appropriate sentencing guideline range was 135 to 168 months. The trial court sentenced Movant to the bottom of that guideline range. Certainly, Counsel was not ineffective for failure to object when the trial court granted the motion for downward departure and sentenced Movant in accordance with his request. A lawyer cannot have been deficient for declining to raise frivolous legal issues. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990); *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995). Movant describes his failure to appear at his first sentencing as "poor judgment" and attempts to excuse it in his § 2255

motion. Nevertheless, the fact remains that he pled guilty to the offense and to all the facts set out in the factual resume.

Respondent admits that the maximum punishment allowed for a violation of § 922(g), the felon in possession of a firearm count, was 10 years (120 months). The trial court entered a sentence of 135 months only imposing a six-month concurrent sentence on the failure to appear in order to arrive at the 135 months. The trial court was required to stack the counts to achieve the guideline sentence of 135 months, which is below the statutory maximum for both offenses. The statutory maximum for both offenses is 15 years. Movant has not demonstrated ineffective assistance of counsel under the *Strickland* test. He cannot show prejudice, because the trial court sentenced Movant to the lowest end of the sentencing guidelines using the available maximum sentences at its disposal to arrive at that sentence. The Court was required to reach 135 months either by stacking the sentences or by imposing the maximum and consecutive sentences to achieve the minimum guideline range of 135 months. Movant speculates that (1) if his counsel had made an *Apprendi* objection, Movant's case would have still been on appeal when the United States Supreme Court decided *Booker* and (2) he would have been entitled to a new sentencing with the United States Sentencing Guidelines regarded as purely advisory. This is nothing but pure speculation and is not grounds to overturn Movant's guideline sentence.

Movant claims that at the very least the 135-month sentence he received for felon in possession should be corrected because the statutory maximum sentence for that offense is only 120 months. Respondent agrees that the trial court erred when it apportioned the 135 months to the § 922(g) count but contends that Movant was not prejudiced because the trial court was required to stack the counts to achieve the guideline sentence of 135 months, which is below the statutory

maximum for both offenses. Respondent contends correctly that to correct the ministerial error, a new sentencing hearing with Movant present is not required. A defendant's right to be present when the district court alters his sentence depends on the type of action that is required. *United States v. Patterson*, 42 F.3d 246, 248-49 (5th Cir. 1994). If the district court is imposing a new sentence after the original sentence has been set aside, the defendant is entitled to be present. *United States v. Moree,* 928 F.2d 654, 655 (5th Cir.1991). However, a defendant is not entitled to be present when the district court merely modifies an existing sentence. *Id*. Additionally, Movant requests an evidentiary hearing on his § 2255 motion, but he has not shown that any facts are in dispute. Movant's motion for an evidentiary hearing should be denied.

Movant has failed to show that he was prejudiced in any way by his counsel's failure to object to the sentence that the Court imposed. In fact, his attorney at sentencing protected his rights, and Movant received the best possible outcome he could have hoped for when he was charged with numerous offenses and wished to enter a guilty plea. Movant had breached his original plea agreement by fleeing the jurisdiction and was facing up to five years for failing to appear. Although a technical error in the sentence exists, the District Court can modify the sentence to reallocate the fifteen months that exceeds the statutory maximum for felon in possession to the sentence for failure to appear.

## **RECOMMENDATION**

This Court hereby recommends that Movant's request for an evidentiary hearing be denied. This Court further recommends that the motion to vacate, set aside or modify Movant's conviction and sentence pursuant to 28 U.S.C. § 2255 be denied in part and granted in part. The § 2255 motion

should be granted only to the extent that the District Court should enter a modified sentence to correct the allocation error and should be denied in all other respects.

Signed this 7th day of July, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE